■ TERRENCE MURPHY, Individually and as Administrator of the Estate of LYNN M. MURPHY, Deceased, Respondent, v COUNTY OF NASSAU, NASSAU COUNTY MEDICAL CENTER, Appellant, et al., Defendants. — Appeal by the County of Nassau (Nassau County Medical Center) from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated October 17, 1980, as, in granting its cross motion to dismiss the complaint, also granted plaintiff leave to amend his notice of claim and his complaint to add causes of action for pain and suffering and loss of consortium. Order reversed insofar as appealed from, on the law, without costs or disbursements, plaintiff is denied leave to amend his notice of claim, but is granted leave to serve an amended complaint asserting a cause of action for wrongful death in accordance with the notice of claim dated March 29, 1978. The amended complaint shall be served within 20 days after service upon plaintiff of a copy of the order to be made hereon, with notice of entry. Under the facts of the instant case, Special Term properly granted appellant's cross motion to dismiss plaintiff's complaint, but should have granted plaintiff leave to serve an amended complaint only to conform to the notice of claim dated March 29, 1978, which stated a claim for wrongful death. It was improper for Special Term to grant plaintiff leave, pursuant to subdivision 6 of section 50-e of the General Municipal Law, to "correct" his notice of claim, more than one year and 90 days after the events, by adding claims for pain and suffering and loss of consortium. Such an amendment would substantially alter the nature of plaintiff's claim by adding new theories of liability and is, therefore, not within the purview of the cited subdivision (see *Gordon v City of New York,* 79 AD2d 981; *Dale v Half Hallow Hills School, Cent School Dist. No. 5,* 37 AD2d 778; see, also, *Colena v City of New York,* 68 AD2d 898). Furthermore, under EPTL 5-4.3, loss of consortium is not a "pecuniary injury" for which damages are recoverable in a wrongful death action (see *Liff v Schildkrout,* 49 NY2d 622). Gulotta, J. P., Margett, Weinstein and Thompson, JJ., concur.