■ SERGE DEMORCY et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant.—In an action to recover damages for personal injuries and for various intentional torts, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated December 11, 1986, as granted those branches of the motion of the municipal defendants which were to dismiss their causes of action sounding in libel, slander, malicious prosecution and negligent hiring, training and employment, and denied the plaintiffs' cross motion for an amendment, nunc pro tunc, of their notices of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises from an altercation between the plaintiffs and Kings County Hospital police on February 4, 1983, which resulted in the arrest of the plaintiffs Demorcy and Auguste. On April 26, 1983, the plaintiffs served separate notices of claim to recover damages for personal injuries as a result of assault and false arrest. The plaintiffs' complaint, served on June 22, 1983, alleged causes of action to recover damages for assault, battery, false imprisonment, slander, libel, intentional infliction of severe emotional distress, negligent hiring, training and employment, and violation of their civil rights. The plaintiffs Demorcy and Auguste also set forth causes of action to recover damages for malicious prosecution.

On September 3, 1986, the respondents moved, *inter alia,* to dismiss the added causes of action based upon the plaintiffs' failure to timely file notices of claim with respect thereto. The plaintiffs cross-moved, *inter alia,* to amend their notices of claim nunc pro tunc.

We find that the Supreme Court, Kings County, properly granted the respondents' motion to the extent of dismissing the causes of action sounding in malicious prosecution, libel, slander and negligent hiring, training and employment. The addition of such causes of action which were not referred to, either directly or indirectly in the original notice of claim,

would substantially alter the nature of the plaintiffs' claims. Such new theories of liability, not previously interposed, are time barred (see, General Municipal Law § 50-e [5]). Further, amendments of a substantive nature are not within the purview of General Municipal Law § 50-e (6) (see, *Murphy v County of Nassau,* 84 AD2d 577; *Gordon v City of New York,* 79 AD2d 981; *Dale v Half Hollow Hills School,* 37 AD2d 778).

In any event, as the complaint contains mere conclusory allegations with respect to these causes of action which have been dismissed, they are insufficient (see, *Zelenski v Incorporated Vil. of Patchogue,* 51 AD2d 1055; *Loudin v Mohawk Airlines,* 24 AD2d 447). Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.