ALFRED J. MANTI et al., Respondents-Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants-Respondents. (Action No. 1.)

NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent, v ALFRED J. MANTI et al., Respondents-Appellants. (Action No. 2.)

ALFRED J. MANTI et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. (Action No. 1.)

NEW YORK CITY TRANSIT AUTHORITY, Plaintiff, v ALFRED J. MANTI et al., Defendants. (Action 2.)

First Department, March 19, 1991

374

## APPEARANCES OF COUNSEL

*Evan H. Krinick* of counsel *(Rivkin, Radler, Bayh, Hart &*

*Kremer,* attorneys), for New York City Transit Authority and its employees in all of the above-entitled actions.

*Milton S. Gould* of counsel *(Jeffrey D. Buss* with him on the brief; *Curt Rogg-Meltzer,* and *Shea & Gould,* attorneys), for Alfred J. Manti and another in actions Nos. 1 and 2.

### OPINION OF THE COURT

ROSENBERGER, J.

Plaintiffs Alfred J. Manti *et al.* were issued a permit by the New York State Department of Transportation on December 8, 1981, authorizing them to transport individuals in vehicles capable of carrying up to 15 passengers between the Counties of Kings and New York. Plaintiffs were not permitted to solicit, pick up or discharge passengers at stops or on routes of existing bus lines or subways. Defendant New York City Transit Authority (NYCTA) objected to the issuance of the permit to plaintiffs and filed a petition for reconsideration. However, on November 5, 1982, the New York State Department of Transportation adhered to its decision granting plaintiffs a permit to operate a transportation service. No further appeal was taken by the NYCTA.

Plaintiffs commenced this action seeking an injunction and damages against the NYCTA and some of its employees (action No. 1 herein) on November 11, 1982 alleging harassment, abuse of process, malicious prosecution and deprivation of civil rights based on the NYCTA's purported actions in attempting to interfere with and prevent the operation of plaintiffs' competing transportation service. Specifically, plaintiffs alleged that the NYCTA police officers harassed plaintiffs by unlawfully ticketing their vehicles and delaying their passengers. The NYCTA had increased its enforcement activity against surface transportation carriers by forming a "Bus Squad" within its Police Department Task Force Unit in August of 1982, which concerned itself with "gypsy" cabs and commuter vans which "poached" passengers by soliciting them at bus stops and accepting hails. Within a six-month period, plaintiffs were issued 82 summonses of which approximately 15 resulted in a disposition of guilt. Almost half were dismissed.

The Supreme Court (Greenfield, J.) granted plaintiffs' application for a preliminary injunction on February 10, 1983, prohibiting the NYCTA from unlawfully issuing tickets and detaining plaintiffs' vans (121 Misc 2d 824). The NYCTA

thereafter instituted a lawsuit against plaintiffs in Kings County (action No. 2), seeking a preliminary injunction precluding plaintiffs from operating their vans, on the ground that plaintiffs were operating an illegal transportation service. Plaintiffs' motion for summary judgment dismissing the complaint was granted by order entered June 7, 1984 (Jordan, J.). The Appellate Division, Second Department, affirmed (118 AD2d 551) and the Court of Appeals denied leave to appeal (69 NY2d 603).

Plaintiffs seek damages based on the NYCTA's purported malicious prosecution of that action, which the Supreme Court termed frivolous and without any basis in law or fact. Plaintiffs' counterclaims were severed from the Kings County action and were joined with the New York County lawsuit. After the NYCTA launched another ticketing campaign against plaintiffs' vans in August of 1983, plaintiffs moved for an order adjudging the NYCTA in contempt for violating the temporary restraining order issued by Judge Greenfield. After a Referee concluded that the NYCTA was in civil contempt for twice violating the preliminary injunction, by improperly issuing one ticket and by unduly delaying an employee of plaintiffs, the Supreme Court (Smith, J.) confirmed the Referee's report and fined the NYCTA $250.

The NYCTA thereafter moved for summary judgment dismissing the complaint in action No. 1 and the counterclaims in action No. 2. By order entered January 21, 1990, the Supreme Court (Schackman, J.) denied the NYCTA's motion for summary judgment "except to eliminate certain duplication and to limit some of the issues." While concluding that plaintiffs' civil rights causes of action were viable, and that disputed facts existed warranting the denial of summary judgment, the court nonetheless denied summary judgment "except to the extent this decision limits the issues in favor of the Manti plaintiffs by making a partial and limited finding of liability in connection with disobedience of the TRO" previously issued by Judge Greenfield. The court further denied the NYCTA's motion to dismiss the amended and supplemental counterclaims asserted by the Manti plaintiffs, except that summary judgment was granted with respect to the third and fourth counterclaims since they duplicated the sixth and seventh causes of action. In a previous order entered November 15, 1989, the Supreme Court denied plaintiffs' motion for an award of interim attorneys' fees and disbursements.

On appeal, the NYCTA contends that the Supreme Court

erred in denying its motion for summary judgment since the complaint failed to state a cause of action. Moreover, it maintains that the court's *sua sponte* grant of summary judgment to plaintiffs, finding the NYCTA liable in connection with its disobedience of the temporary restraining order (TRO), was improper since the violations of the preliminary injunction did not establish automatic liability under 42 USC § 1983. In addition to its appeal challenging the denial of its motion for attorneys' fees, plaintiffs' cross appeal of the January 21, 1990 order seeks further specification as to the Supreme Court's limited finding of liability. They seek an order transforming the Supreme Court's decision into a formal grant of partial summary judgment on their sixth cause of action.

■ ■ Contrary to the NYCTA's contentions, the factual allegations contained in plaintiffs' complaint were sufficient to state a cause of action under 42 USC § 1983. However, we agree with defendants that by making a partial and limited finding that the NYCTA was liable under 42 USC § 1983, based on its violations of the TRO, the Supreme Court erred in *sua sponte* awarding partial summary judgment to plaintiffs. A full trial is necessary to determine whether defendant engaged in a persistent pattern of misconduct aimed at deterring competing transportation services.

■ 42 USC § 1983 enables an aggrieved individual to seek a civil remedy against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * * subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution". Governmental units such as the NYCTA are among those "persons" whose conduct is proscribed by statute. *(Monell v New York City Dept. of Social Servs.,* 436 US 658; *Simpson v New York City Tr. Auth.,* 112 AD2d 89, *affd* 66 NY2d 1010.)

Liability is predicated upon deprivations derived from a policy or custom of the municipality *(supra).* A true pattern of harassment by government officials may make out a section 1983 claim for violation of due process of law, where the municipal defendant's actions are illegal, or place a discriminatory burden on a constitutionally protected activity *(Chalfy v Turoff,* 804 F2d 20; *Batista v Rodriguez,* 702 F2d 393; *Espanola Way Corp. v Meyerson,* 690 F2d 827, *cert denied* 460 US 1039; *see, Black Jack Distribs. v Beame,* 433 F Supp 1297). A complaint will survive dismissal "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his [section 1983] claim which would entitle him to relief" *(Conley v Gibson,* 355 US 41, 45-46, cited in *Batista v Rodriguez, supra,* at 397).

■ A protected constitutional interest exists where the State recognizes the right to operate a vehicle by issuing an operator's license *(Paul v Davis,* 424 US 693; *Safeguard Mut. Ins. Co. v Miller,* 477 F Supp 299). By alleging that the NYCTA and its employees engaged in a repeated pattern of harassment in an effort to drive them out of business, a business licensed by the New York State Department of Transportation, plaintiffs demonstrated that they suffered a constitutional injury cognizable under 42 USC § 1983 *(Espanola Way Corp. v Meyerson, supra; see Black Jack Distribs. v Beame, supra; cf., Chalfy v Turoff, supra).*

■ The complaint alleged that defendant's Bus Unit harassed plaintiffs by issuing numerous and burdensome citations without any basis in fact, by seizing their property in stopping their vans and passengers for unreasonably long periods of time, by forcing plaintiffs to make numerous court appearances, by commencing frivolous litigation against them, and by placing plaintiffs under surveillance. The factual allegations support their claim that the NYCTA's conduct was motivated by a desire to take plaintiffs' property, their license, goodwill and attendant business, without due process of law. *(Espanola Way Corp. v Meyerson, supra; cf., Vasquez v City of Hamtramck,* 757 F2d 771.) Accordingly, plaintiffs' harassment allegations have sufficiently stated a cause of action under 42 USC § 1983 and we need not reach the alternative theories advanced in support of their civil rights claims.

The NYCTA also contends that plaintiffs' 42 USC § 1983 cause of action based upon the NYCTA's purported failure adequately to train or supervise the Bus Squad should be dismissed as a matter of law because they failed to establish a policy of the NYCTA which constituted "deliberate indifference" to their constitutional rights. In *Canton v Harris* (489 US 378) the Supreme Court held that a municipality may, under certain circumstances, be held liable under section 1983 for constitutional violations resulting from its failure to train its employees. The failure to train, however, must result in deliberate indifference to the constitutional rights of an individual. Only where a failure to train reflects a deliberate or conscious choice by the municipality can the failure be properly thought of as an actionable city policy. Plaintiffs' com-

plaint, which, unlike the complaint in *Canton,* included an allegation of a failure to supervise as well as a failure to train, sufficiently complied with the standards enunciated in *Canton.* The testimony of a high-ranking official of the agency indicated that the officers assigned to the Bus Squad received no training with regard to distinguishing between legal and illegal vans.

■ While the Supreme Court correctly determined that plaintiffs' complaint stated a cause of action and that factual issues existed precluding the award of summary judgment to defendant, it was error to grant partial summary judgment *sua sponte* to plaintiffs based on the prior orders adjudging the NYCTA in civil contempt for violating the TRO. The two violations, for stopping a van in excess of 10 minutes and for not having a chauffeur's license when in fact plaintiffs had such license, failed to establish a pattern of harassment sufficient to justify imposing automatic liability under 42 USC § 1983. The pattern of harassment claim, based on only two instances of misconduct, is insufficient to support the award of partial summary judgment, as plaintiffs conceded at oral argument before this court.

■ Plaintiffs' allegations with regard to the conduct of the individual defendants in their performance of the Bus Squad operation were sufficient to withstand defendants' motion for summary judgment. While defendants claimed that they were entitled to qualified immunity from plaintiffs' civil rights claims, the allegations of ticketing of licensed vans, of undue delays of the vans and passengers, of causing damage to plaintiffs' property, etc., could permit a jury to determine that defendants' actions were inconsistent with the constitutional rights of plaintiffs, thus precluding them from asserting a right to qualified immunity shielding them from liability (*Anderson v Creighton,* 483 US 635; *Harlow v Fitzgerald,* 457 US 800).

■ Summary judgment was also properly denied with respect to plaintiffs' malicious prosecution claims. While defendant maintains that plaintiffs failed to establish either "the commencement or continuation of a criminal proceeding by the defendant against the plaintiff" or "the termination of the proceeding in favor of the accused" (*Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929), plaintiffs' allegations that many of the charges lodged against them were terminated in their favor,

or resulted in unknown dispositions, or were not duly prosecuted, were sufficient to establish a favorable termination for malicious prosecution purposes *(see, Janetka v Dabe,* 892 F2d 187). Moreover, the administrative proceedings conducted in this matter contained sufficient attributes of judicial proceedings to satisfy the requirements for instituting a malicious prosecution claim *(Groat v Town Bd.,* 73 AD2d 426, *appeal dismissed* 50 NY2d 928; *Glenn v State of New York,* 144 Misc 2d 101).

■ Plaintiffs' allegations that defendant interfered with their business operation in an effort to prevent unwanted competition were also sufficient to state causes of action for unfair competition, abuse of process and prima facie tort. It is the purpose of government, in the exercise of its police power, to serve the needs and protect the lives, rights, safety and property of its citizens. If government uses that police power to protect its own commercial enterprises at the cost of citizens' rights and property, it has abused and perverted it, and should be answerable in damages.

Finally, it was not an abuse of discretion to deny plaintiffs' request for attorneys' fees at this stage of the proceedings.

Accordingly, the order of the Supreme Court, New York County (Walter M. Schackman, J.), entered January 31, 1990 which, *inter alia,* denied the NYCTA *et al.'s* motion to dismiss the complaint in action No. 1 and counterclaims in action No. 2 and made a "partial and limited finding of liability" against the NYCTA *et al.* in connection with disobedience of a temporary restraining order, should be modified, on the law and the facts, to vacate the provision making "a partial and limited finding of liability" against the NYCTA and directing the matter to trial, and otherwise affirmed, without costs. Order of the same court, entered November 15, 1989, which denied Alfred J. Manti *et al.'s* motion for an award of attorneys' fees and costs, should be affirmed, without costs.

SULLIVAN, J. P., ROSS and KASSAL, JJ., concur.

Order of the Supreme Court, New York County, entered January 31, 1990, modified, on the law and the facts, to vacate the provision making "a partial and limited finding of liability" against the NYCTA and directing the matter to trial, and otherwise affirmed, without costs; and order of said court entered on November 15, 1989, affirmed, without costs.