■ HARLAN BRYANT et al., Appellants, v CITY OF NEW YORK et al., Respondents.—In an action, *inter alia,* to recover damages for assault and battery, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated July 11, 1991, as (1) granted the motions of the defendants City of New York and New York City Housing Authority to dismiss those causes of action alleging negligent hiring, training, and supervision for lack of subject matter jurisdiction, and those causes of action alleging violations of 42 USC § 1983 for failure to state a cause of action, (2) denied their application for leave to replead the latter causes of action, and (3) denied their application for leave to amend their notice of claim.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents City of New York and New York City Housing Authority appearing separately and filing separate briefs.

This action arose from an incident in which certain police officers and employees of the defendant New York City Housing Authority allegedly entered the plaintiffs' apartment,

committed assault and battery upon them, and then illegally arrested and maliciously prosecuted them.

Due to the plaintiffs' failure to set forth in their notice of claim any allegations concerning negligent hiring, training, or supervision on the part of the municipal defendants, these causes of action were properly dismissed *(see,* General Municipal Law § 50-e; *O'Brien v City of Syracuse,* 54 NY2d 353; *Brown v New York City Tr. Auth.,* 172 AD2d 178; *Mazzilli v City of New York,* 154 AD2d 355). The plaintiffs' application to amend their notice of claim to include these causes of action was properly denied *(see, DeMorcy v City of New York,* 137 AD2d 650).

Given the complete absence of any factual allegations in the complaint regarding the alleged "policies" of the municipal defendants which led to the officers' conduct, or evidencing their approval or "ratification" of this conduct, the plaintiffs' causes of action against these defendants pursuant to 42 USC § 1983 were properly dismissed *(see, Monell v New York City Dept. of Social Servs.,* 436 US 658, 690-691; *Salahuddin v Cuomo,* 861 F2d 40, 43; *Dewey v University of N. H.,* 694 F2d 1, 3, *cert denied* 461 US 944; *Willinger v Town of Greenburgh,* 169 AD2d 715; *cf., Manti v New York City Tr. Auth.,* 165 AD2d 373). In effect, the plaintiffs' causes of action under 42 USC § 1983 constituted an improper attempt to impose liability on the theory of respondeat superior on the municipal defendants *(see, Canton v Harris,* 489 US 378; *Creary v Village of Mamaroneck,* 110 AD2d 870). Furthermore, the court properly denied the plaintiffs leave to replead these causes of action based upon their failure to submit any evidence justifying the granting of such relief *(see,* CPLR 3211 [e]; *ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 461; *Burlew v American Mut. Ins. Co.,* 99 AD2d 11, 17, *affd* 63 NY2d 412).

We have examined the plaintiffs' remaining contention and find it to be without merit. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.