■ ROSE URENA et al., Appellants, v CITY OF NEW YORK et al., Respondents. [633 NYS2d 391] —In an action, *inter alia,* to recover damages based on false arrest, assault, negligent hiring, and malicious prosecution, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated May 19, 1994, as granted the branch of the defendants' cross motion which was to dismiss the fourth cause of action based on negligent hiring.

Ordered that the order is affirmed insofar as appealed from, with costs.

Eight notices of claim were filed by four separate plaintiffs stating that their claims arose as the result of their having been the victims of the wrongful conduct of a traffic enforcement agent and various police officers. Four notices of claim refer to the period from January 2, 1992, to May 20, 1992, as being the time when the malicious prosecution claims arose. The four notices of claim which relate to the plaintiffs' remaining causes of action refer to January 2, 1992, and afterward, as being the time when those additional claims arose.

We agree with the Supreme Court that the presence of the single word "negligence" in the latter four notices of claim does not constitute a statement of "the time when, the place where [or] the manner in which" the plaintiffs' claim based on negligent hiring arose (General Municipal Law § 50-e [2]). The plaintiffs' claim based on negligent hiring presumably is premised on negligent acts or omissions which preceded January 2, 1992, the date of the plaintiffs' arrest (*cf., DeLeonibus v Scognamillo,* 183 AD2d 697). The notices of claim contain absolutely no factual "allegations concerning negligent hiring" *(Bryant v City of New York,* 188 AD2d 445, 446). Under these circumstances, the court properly dismissed the cause of action based on negligent hiring. Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.