■ JAMES HERRON et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [637 NYS2d 438] —In an action to recover damages for personal injuries, etc., the defendant New York City Housing Authority appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 28, 1994, as, upon reargument, denied the plaintiffs' motion for leave to amend the complaint, without prejudice to renew the motion upon proper papers and (2) from so much of an order of the same court, dated December 27, 1994, as, upon renewal, granted the plaintiffs' motion for leave to amend the notice of claim and the complaint.

Ordered that the appeal from the order dated July 28, 1994, is dismissed since the order was superseded by the order dated December 27, 1994, made upon renewal; and it further,

Ordered that the order dated December 27, 1994, is reversed insofar as appealed from, on the law, and the plaintiffs' motion for leave to amend the notice of claim and the complaint is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

After the Statute of Limitations had expired, the plaintiffs moved for leave to amend their notice of claim and complaint to add a new theory of recovery that they had not asserted in either their original notice of claim or in their subsequently filed complaint. The Supreme Court granted the plaintiffs' motion. We reverse.

The plaintiffs' new theory of recovery would have substantially altered the nature of their claims. Amendments of a substantive nature are not within the purview of General Municipal Law § 50-e (6) (*see, Ford v Babylon Union Free School Dist.*, 213 AD2d 447; *Demorcy v City of New York*, 137 AD2d 650; *Hines v City of Buffalo*, 79 AD2d 218, 225; *Colena v City of New York*, 68 AD2d 898). Under these circumstances, the plaintiffs' motion should have been denied. Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.