■ SEVILLA C. JOHNSON, as Executrix of ERCELL P. PRICE, Deceased, Appellant, v COUNTY OF SUFFOLK, Respondent. [657 NYS2d 55] —In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated March 6, 1996, which denied her motion for leave to serve an amended notice of claim or a late notice of claim.

Ordered that the order is affirmed, with costs.

The plaintiff, the executrix of the decedent's estate, served a timely notice of claim against the defendant to recover damages for wrongful death. The claim was based on the murder of the decedent by a man who had been placed in the decedent's home, as a boarder, by the Suffolk County Department of Social Services. Thereafter, after the time in which to serve a notice of claim had expired, the plaintiff moved for leave to serve an amended notice of claim, or for leave to serve a late notice of claim, to include a claim for conscious pain and suffering. The Supreme Court denied the motion. We affirm.

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to serve an amended notice of claim. The proposed amendment would substantially alter the nature of the plaintiff's claim by adding a new theory of liability and is, therefore, not within the purview of General Municipal Law § 50-e (6) *(see, Ford v Babylon Union Free School Dist.,* 213 AD2d 447; *Demorcy v City of New York,* 137 AD2d 650; *Murphy v County of Nassau, Nassau County Med. Ctr.,* 84 AD2d 577). The court could only grant leave to serve a late notice of claim *(see,* General Municipal Law § 50-e [5]; *Hines v City of Buffalo,* 79 AD2d 218, 225). However, the court also properly denied that branch of the plaintiff's motion which was for leave to serve a late notice of claim, because the plaintiff has failed to proffer a reasonable excuse for the delay in serving the notice of claim, and has failed to demonstrate that the defendant had actual knowledge of the nature of the claim *(see, Matter of Shapiro v County of Nassau,* 208 AD2d 545; *Matter of Sosa v City of New York,* 206 AD2d 374, 375). Bracken, J. P., Pizzuto, Florio and McGinity, JJ., concur.