■ JEAN HARRINGTON, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [776 NYS2d 592]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated February 11, 2003, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff slipped and fell on a mound of snow at a bus stop as she attempted to board a bus owned and operated by the defendant New York City Transit Authority (hereinafter the defendant), and thereafter commenced this personal injury action. The defendant subsequently moved for summary judgment. In opposition to the motion, the plaintiff asserted for the first time that the defendant failed to provide a safe boarding area. The Supreme Court denied the motion. We reverse.

The defendant met its initial burden of establishing its entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Even assuming that the plaintiff fell on the sidewalk, as opposed to the street, the defendant cannot be held liable for the plaintiff's injuries since it has no duty to maintain the sidewalk. Furthermore, there was no evidence that the defendant either created the alleged defective condition, or that the plaintiff's injuries were the result of the defendant's alleged special use of the sidewalk (*see Brown v City of New York,* 250 AD2d 638, 639 [1998]; *Otonoga v City of New York,* 234 AD2d 592, 593 [1996]; *Gall v City of New York,* 223 AD2d 622, 623 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact.

Contrary to the plaintiff's contention, the new theory of li-

ability she raised in her opposition papers was not a correction which may occur under General Municipal Law § 50-e (6), as "amendments of a substantive nature are not within the purview of General Municipal Law § 50-e (6)" (*Demorcy v City of New York,* 137 AD2d 650, 651 [1988]; *see Johnson v County of Suffolk,* 238 AD2d 480 [1997]; *Herron v City of New York,* 223 AD2d 676 [1996]; *Ford v Babylon Union Free School Dist.,* 213 AD2d 447, 448 [1995]). Additionally, it was improper to assert a new theory of liability for the first time in opposition to the defendant's motion for summary judgment (*see Slacin v Aquafredda,* 2 AD3d 624, 625 [2003]; *Araujo v Brooklyn Martial Arts Academy,* 304 AD2d 779, 780 [2003]; *Gustavsson v County of Westchester,* 264 AD2d 408, 409 [1999]; *Alvarez v Lindsay Park Hous. Corp.,* 175 AD2d 225, 226 [1991]). Accordingly, the defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted. Altman, J.P., Smith, S. Miller and Crane, JJ., concur.