ANTHONY M. SANTORO et al., Appellants, v TOWN OF SMITH-TOWN et al., Respondents. [835 NYS2d 658]—

In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated October 20, 2005, which granted that branch of the motion of the defendant Town of Smithtown which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7), and granted the motion of the defendants Donald Lynch, Anna M. Morgenier, Thomas Lohman, Russ Sokol, and Steven Frank to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action to recover damages,

inter alia, for false arrest and detention (first cause of action), malicious prosecution, abuse of process, and abuse of office (second cause of action), abuse of power (third cause of action), intentional harassment (fourth cause of action), gross negligence (fifth cause of action), and negligent hiring and supervision (sixth cause of action), based on their allegation that, while parked at a facility owned by the defendant Town of Smithtown, they were illegally stopped, detained, and issued appearance tickets by the defendants Donald Lynch, Anna M. Morgenier, Thomas Lohman, Russ Sokol, and Steven Frank, who were park rangers employed by the Town. The plaintiffs contend that the Supreme Court improperly granted the defendants' respective motions, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7). We disagree.

Timely and proper service of a notice of claim which, inter alia, sufficiently identifies the claimant, states the nature of the claim and describes "the time when, the place where and the manner in which the claim arose," is a condition precedent to the commencement of a common-law tort action against a municipality (*see* General Municipal Law § 50-e [2]; *Brown v City of New York*, 95 NY2d 389, 392-393 [2000]). Prior to commencing this action, the plaintiffs served notices of claim upon the defendant Town of Smithtown. However, the notices of claim contained no factual allegations concerning, inter alia, false arrest and detention, or negligent hiring or supervision, nor do they make reference to the defendants Morgenier, Lohman, Sokol, or Frank in either their individual or official capacities as park rangers (*see* General Municipal Law § 50-e [1] [a]). Under these circumstances, the first and sixth causes of action were properly dismissed insofar as asserted against the Town and the defendant Lynch on the ground that the plaintiffs failed to comply with a condition precedent to the commencement of the action, and the complaint was properly dismissed in its entirety insofar as asserted against the defendants Morgenier, Lohman, Sokol, and Frank on the same ground (*see O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]; *Urena v City of New York*, 221 AD2d 429 [1995]; *Bryant v City of New York*, 188 AD2d 445, 446 [1992]).

In any event, the first cause of action alleging, inter alia, false arrest and detention was properly dismissed because the mere service of an appearance ticket for traffic and parking violations did not restrict the plaintiffs' freedom and, therefore, does not form a basis for the false arrest cause of action (*see Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 132 [1999]; *Kramer v Herrera*, 176 AD2d 1241 [1991]; *Pritchett v State of*

*New York*, 61 AD2d 1110 [1978]). Moreover, and in any event, the sixth cause of action alleging negligent hiring and supervision was properly dismissed insofar as asserted against the Town because the Town is entitled to governmental immunity in the exercise of its discretion in investigating and evaluating the qualifications of its park rangers (*see Mon v City of New York*, 78 NY2d 309 [1991]), and there is no dispute that the conduct complained of was within the scope of the employment of the defendant park rangers (*see Ashley v City of New York*, 7 AD3d 742 [2004]). So much of the second cause of action as alleged malicious prosecution was properly dismissed because the plaintiffs do not allege any facts sufficient to rise to the level of "actual malice," i.e. "some deliberate act punctuated with awareness of 'conscious falsity'" (*Best v Genung's, Inc.*, 46 AD2d 550, 552 [1975], quoting *Munoz v City of New York*, 18 NY2d 6, 9 [1966]; *see also Hornstein v Wolf*, 109 AD2d 129, 133 [1985], *affd* 67 NY2d 721 [1986]), and there was probable cause to issue the subject tickets (*see Whyte v City of Yonkers*, 36 AD3d 799 [2007]; *Burns v City of New York*, 17 AD3d 305 [2005]). So much of the second cause of action as alleged abuse of process was properly dismissed because the plaintiffs failed to allege the essential element that the parking tickets were issued with an intent to harm them (*see Curiano v Suozzi*, 63 NY2d 113, 116 [1984]; *Panish v Steinberg*, 32 AD3d 383 [2006]).

So much of the second cause of action as alleged abuse of office, and the third cause of action alleging abuse of power, were properly dismissed because they are duplicative of the malicious prosecution, false arrest, and abuse of process claims (*see Leonard v Reinhardt*, 20 AD3d 510 [2005]).

The fourth cause of action was properly dismissed because "New York does not recognize a common-law cause of action to recover damages for harassment" (*Daulat v Helms Bros., Inc.*, 18 AD3d 802, 803 [2005]; *see also Edelstein v Farber*, 27 AD3d 202, 203 [2006]).

The fifth cause of action alleging gross negligence was properly dismissed because the plaintiffs seek damages for injury resulting from false arrest and detention, and, therefore, they cannot recover under broad general principles of negligence but, instead, must proceed by way of the traditional remedy of false arrest (*see Secard v Department of Social Servs. of County of Nassau*, 204 AD2d 425, 427 [1994]; *see also Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 285 [2003]; *Antonious v Muhammad*, 250 AD2d 559 [1998]).

Accordingly, the Supreme Court properly granted the defendants' respective motions to dismiss the complaint.

The plaintiffs' remaining contention that they should be granted leave to replead their causes of action is not properly before us (*see* CPLR 3211 [e]; L 2005, ch 616, § 2; *Spodek v Neiss*, 304 AD2d 557 [2003]; *Abelman v Shoratlantic Dev. Co.*, 153 AD2d 821 [1989]). Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.