■ CLINTON BROWNE, Respondent, v CITY OF NEW YORK et al., Appellants. [889 NYS2d 212]—In an action, inter alia, to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Saitta, J.), entered July 17, 2008, which, upon a jury verdict on the issue of liability in favor of the plaintiff and against them, and upon a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sums of $375,000 for past pain and suffering and $375,000 for future pain and suffering, is in favor of the plaintiff and against them.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff damages for past pain and suffering; as so modified, the judgment is affirmed, with costs to the defendants, and a new trial is granted on the issue of damages for past pain and suffering only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $375,000 to the principal sum of $250,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

Although the notice of claim did not mention "negligence" as a specific theory of recovery, it nevertheless adequately apprised the defendants that the plaintiff would seek to impose liability under such a theory (*see DeLeonibus v Scognamillo*, 183 AD2d 697, 698 [1992]; *cf. Urena v City of New York*, 221 AD2d 429 [1995]; *Mazzilli v City of New York*, 154 AD2d 355 [1989]; *Demorcy v City of New York*, 137 AD2d 650 [1988]). However, the amount of damages awarded by the jury for past pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *Sow v Arias*, 21 AD3d 317 [2005]; *Van Nostrand v Froehlich*, 18 AD3d 539 [2005]; *Lamuraglia v New York City Tr. Auth.*, 299 AD2d 321 [2002]; *Komforti v New York City Tr. Auth.*, 292 AD2d 569 [2002]; *Marr v Forrest*, 208 AD2d 908 [1994]).

The defendants' remaining contentions are without merit. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.