JERMEL PALMER, an Infant, by His Mother and Natural Guardian, FRANCES PALMER, et al., Plaintiffs, v SOCIETY FOR SEAMEN'S CHILDREN et al., Defendants. (Action No. 1.) JERMEL PALMER, an Infant, by His Mother and Natural Guardian, FRANCES PALMER, et al., Respondents, v CITY OF NEW YORK, Appellant. (Action No. 2.) [931 NYS2d 389]—

The infant plaintiff allegedly sustained lead poisoning while

residing in a foster home in Staten Island from March 1992 through May 1994. The infant plaintiff's biological mother, on his behalf and individually, commenced action No. 2 against the City of New York (hereinafter the appellant) seeking to recover damages on the theories, inter alia, that it was negligent in the placement of the infant plaintiff in a foster home containing lead-based paint, negligent in the supervision of the infant plaintiff while residing in the foster home, and negligent in failing to remove the infant plaintiff from the foster home immediately after the New York City Department of Health confirmed the presence of lead-based paint in the home. The appellant moved for summary judgment dismissing the complaint in action No. 2, arguing, inter alia, that the notice of claim was inadequate. The Supreme Court denied the motion.

The purpose of the statutory notice of claim requirement (General Municipal Law § 50-e) is to afford the public corporation "an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available" (*Teresta v City of New York*, 304 NY 440, 443 [1952]; *see O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]; *Salesian Socy. v Village of Ellenville*, 41 NY2d 521, 524 [1977]). To that end, the statute requires that the notice set forth "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e [2]; *see Brown v City of New York*, 95 NY2d 389, 393 [2000]). The requirements of the statute are met when the notice describes the accident with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim (*see O'Brien v City of Syracuse*, 54 NY2d at 358; *Ingle v New York City Tr. Auth.*, 7 AD3d 574 [2004]; *Cyprien v New York City Tr. Auth.*, 243 AD2d 673, 674 [1997]; *Levine v City of New York*, 111 AD2d 785, 786 [1985]). Whether the notice of claim substantially complies with the requirements of the statute depends on the circumstances of each case (*see Schwartz v City of New York*, 250 NY 332, 335 [1929]; *Ingle v New York City Tr. Auth.*, 7 AD3d 574 [2004]; *Cyprien v New York City Tr. Auth.*, 243 AD2d 673 [1997]; *Levine v City of New York*, 111 AD2d at 786).

Here, the appellant satisfied its prima facie burden of establishing that the notice of claim was plainly inadequate. The notice of claim failed to allege that the infant plaintiff was in foster care at the time of his alleged injuries, or that the appellant was negligent in its placement, supervision, or removal of the infant plaintiff while in foster care (*see Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 704-705 [2010]; *Santoro*

*v Town of Smithtown*, 40 AD3d 736, 737 [2007]; *Urena v City of New York*, 221 AD2d 429 [1995]; *DiMenna v Long Is. Light. Co.*, 209 AD2d 373, 374-375 [1994]; *Caselli v City of New York*, 105 AD2d 251, 253 [1984]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Moreover, the new theories of liability raised in the complaint in action No. 2 were not corrections to the notice of claim that may occur under General Municipal Law § 50-e (6), as "amendments of a substantive nature are not within the purview of General Municipal Law § 50-e (6)" (*Demorcy v City of New York*, 137 AD2d 650, 651 [1988]; *see Harrington v City of New York*, 6 AD3d 662 [2004]; *Johnson v County of Suffolk*, 238 AD2d 480 [1997]).

Since the notice of claim failed to adequately apprise the appellant of the infant plaintiff's claims relating to his placement, supervision, and removal while in foster care, the Supreme Court should have granted those branches of the appellant's motion which were for summary judgment dismissing so much of the complaint in action No. 2 as alleged negligent placement, supervision, and removal of the infant plaintiff while he was in foster care (*see Ellison v City of New Rochelle*, 62 AD3d 830, 832 [2009]; *Finke v City of Glen Cove*, 55 AD3d 785, 786 [2008]; *Rosen & Bardunias v County of Westchester*, 158 AD2d 679, 680-681 [1990], *cert denied sub nom. Bardunias v County of Westchester*, 498 US 1086 [1991]).

The appellant's remaining contentions are without merit. Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur. **[Prior Case History: 27 Misc 3d 1227(A), 2010 NY Slip Op 50923(U).]**