■ MARJORIE GABRIEL, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [933 NYS2d 360]—

The plaintiff commenced this action to recover damages for negligence and negligent infliction of emotional distress alleging, inter alia, that certain negligent conduct on the part of the

defendants resulted in the murder of her minor child (hereinafter the child) and the child's burial in a cemetery known as Potter's Field. The defendants City of New York, Administration of Children's Services (hereinafter ACS), New York City Police Department (hereinafter the NYPD), Detective Ahearn, Detective Scotto, Captain Curry, Sergeant Martin, and Detective Lewis (hereinafter collectively the City defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them.

The City defendants established their prima facie entitlement to judgment as a matter of law dismissing those causes of action which were to recover damages from the City and ACS based on allegations that ACS negligently placed and/or supervised the child, to recover damages from the City, the NYPD, and Detective Scotto based on allegations that Detective Scotto violated Family Court Act § 168, to recover damages from the City, the NYPD, and Captain Curry based on allegations that Captain Curry negligently supervised the child's missing person investigation, and otherwise to recover damages from the individually named members of the NYPD. The City defendants demonstrated that the plaintiff did not include these theories of liability or the individually named members of the NYPD in her notice of claim (*see Semprini v Village of Southampton*, 48 AD3d 543, 544 [2008]; *Santoro v Town of Smithtown*, 40 AD3d 736, 737 [2007]; *Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410 [2004]; *Mazzilli v City of New York*, 154 AD2d 355, 357 [1989]; *Urena v City of New York*, 221 AD2d 429 [1995]; *Bryant v City of New York*, 188 AD2d 445, 446 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Further, the City defendants established their prima facie entitlement to judgment as a matter of law dismissing those causes of action which were to recover damages based on allegations, consistent with those included in the notice of claim, that the NYPD negligently investigated the child's missing person case and failed to expeditiously determine that an unidentified body discovered by the authorities in Westchester County was that of the child so as to notify the plaintiff of the child's death. The City defendants demonstrated that the NYPD's challenged acts with respect to the subject investigation were discretionary rather than ministerial; and, thus, that they could not form the basis of tort liability (*see generally McLean v City of New York*, 12 NY3d 194, 203 [2009]; *Lauer v City of New York*, 95 NY2d 95, 99 [2000]; *see also Estate of Scheuer v City of New York*, 10

AD3d 272, 273 [2004]). In any event, the City defendants demonstrated, prima facie, that the plaintiff did not justifiably rely on any affirmative undertaking of the NYPD and its members, and, therefore, that there was no special relationship upon which liability could be predicated (*see Cuffy v City of New York*, 69 NY2d 255 [1987]; *Carossia v City of New York*, 39 AD3d 429 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Accordingly, the Supreme Court properly granted that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.