■ WEBER CHESTER, Respondent, v ALSOL ENTERPRISES, LTD., Respondent, and CITY OF NEW YORK, Appellant, et al., Defendants. [943 NYS2d 761]—

In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated January 26, 2011, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

During the early afternoon of April 12, 2010, the plaintiff allegedly was injured when she tripped and fell over a raised sidewalk abutting a commercial property in Brooklyn. The City established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create the alleged defect and that it had no duty to maintain the subject sidewalk which abutted a commercial property (see Administrative Code of City of NY § 7-210; see also Yarborough v City of New York, 10 NY3d 726, 728 [2008]). In opposition, the respondents failed to raise a triable issue of fact. Although determination of a summary judgment motion may be delayed to allow for further discovery where evidence necessary to oppose the motion is unavailable to

the opponent (*see* CPLR 3212 [f]), the mere hope that further discovery will reveal the existence of a triable issue of fact is insufficient to delay determination of the motion (*see Williams v D & J School Bus, Inc.*, 69 AD3d 617, 619 [2010]; *Rodgers v City of New York*, 34 AD3d 555, 556 [2006]; *Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 717 [2003]; *Greenberg v McLaughlin*, 242 AD2d 603 [1997]). Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.