RICHARD TULLY, Respondent, v CITY OF GLEN COVE, Respondent-Appellant, COUNTY OF NASSAU, Respondent, and PHILIP SCIUBBA et al., Appellants-Respondents. (And Third-Party Actions.) [957 NYS2d 719]—

In an action to recover damages for injury to property, the defendants Philip Sciubba and Kathleen Kraemer appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), dated February 9, 2012, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant City of Glen Cove cross-appeals from so much of the same order as denied its separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable by the plaintiff to the appellants appearing separately and filing separate briefs, and the motions are granted.

The plaintiff commenced this action against, among others, the City of Glen Cove and his neighbors, Philip Sciubba and Kathleen Kraemer, to recover damages for injury to his property allegedly sustained following severe rainstorms in August 2008. The complaint alleged, among other things, that the City was negligent in approving the subdivision and development of certain real property located near the plaintiff's real property and in the "design, installation and/or repair and maintenance of the . . . culvert system . . . located in the vicinity of [his] premises." The complaint alleged that Sciubba and Kraemer (hereinafter together the neighbors) were negligent in developing their property and erecting a new house on it.

The City and the neighbors separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Supreme Court, inter alia, denied their respective motions.

Timely and proper service of a notice of claim which, among other things, sufficiently identifies the claimant, states the nature of the claim, and describes "the time when, the place where and the manner in which the claim arose," is a condition precedent to the commencement of a common-law tort action against a municipality (General Municipal Law § 50-e [2]; *see Santoro v Town of Smithtown*, 40 AD3d 736, 737 [2007]). "The test of the notice's sufficiency is whether it includes information sufficient to enable the city to investigate the claim" (*O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]). Although General Municipal Law § 50-e (6) permits correction of "good faith, nonprejudicial, technical mistakes, defects or omissions," it does not authorize "substantive changes in the theory of liability" (*Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410, 411 [2004]; *see Semprini v Village of Southampton*, 48 AD3d 543, 545 [2008]; *Monmasterio v New York City Hous. Auth.*, 39 AD3d 354, 356 [2007]; *Gordon v City of New York*, 79 AD2d 981, 981 [1981]; *cf.* General Municipal Law § 50-e [5]).

Prior to commencing this action, the plaintiff served a notice of claim upon the City. However, the notice of claim contained no reference to any acts or omissions attributable to the City, made no mention of the culvert system or of any type of drainage system, and did not mention any decision to subdivide the nearby property. In support of its motion, the City established, prima facie, that the theories of liability alleged in the complaint were not included in the plaintiff's notice of claim (*see O'Brien v City of Syracuse*, 54 NY2d at 358; *Gabriel v City of New York*, 89 AD3d 982, 983 [2011]; *Santoro v Town of Smithtown*, 40 AD3d at 737; *Monmasterio v New York City Hous. Auth.*, 39 AD3d at 356). In opposition, the plaintiff failed to raise a triable issue of fact and did not seek leave to serve a late notice of claim (*see* General Municipal Law § 50-e [5]). Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it (*see Gabriel v City of New York*, 89 AD3d at 983; *Semprini v Village of Southampton*, 48 AD3d at 545).

The Supreme Court also should have granted the neighbors' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. "A landowner will not be liable for damages to an abutting property caused by the flow of surface water due to improvements to his or her land, provided that the improvements were made in good faith to fit the property for some rational use, and that the water was

not drained onto the other property by artificial means, such as pipes and ditches" (*Moretti v Croniser Constr. Corp.*, 76 AD3d 1055, 1055 [2010]; *see Kossoff v Rathgeb-Walsh*, 3 NY2d 583, 588-589 [1958]). Here, the neighbors made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether artificial means were used to divert surface water from the neighbors' property onto his property, or whether the improvements to the neighbors' property were made in good faith (*see Moretti v Croniser Constr. Corp.*, 76 AD3d at 1055-1056; *Hulse v Simoes*, 71 AD3d 1086, 1087 [2010]).

In light of the foregoing, we need not address the City's remaining contentions, inter alia, that the complaint was time-barred, that it did not receive prior written notice of the allegedly defective condition, as required by the Glen Cove City Charter § C4-4, and that it is entitled to governmental immunity. Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.

**[Prior Case History: 2012 NY Slip Op 30393(U).]**