▮ Carol Hunter-Lawson, Appellant, v City of New York, Respondent, et al., Defendant. [26 NYS3d 600]—

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated February 14, 2014, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her when she fell on the sidewalk and driveway abutting a commercial property on East 34th Street in Brooklyn. The defendant City of New York moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the City's motion.

The City established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The City established that it had no duty to maintain the sidewalk and driveway that abutted the commercial property, and there was no evidence that the City created the alleged defective condition or that the plaintiff's alleged injuries were the result of the City's special use of the sidewalk and driveway (*see* Administrative Code of City of NY § 7-201 [a]; *Fisher v City of New York*, 128 AD3d 763, 764 [2015]; *Chester v Alsol Enters., Ltd.*, 95 AD3d 922 [2012]; *Harrington v City of New York*, 6 AD3d 662 [2004]).

In opposition, the plaintiff asserted, for the first time, that she fell on a defective condition existing on the "curb," which the City had a duty to maintain (*see* Administrative Code §§ 7-210, 19-101 [d]; *Alleyne v City of New York*, 89 AD3d 970, 971 [2011]). However, the City demonstrated that the notice of claim and complaint contained no allegation that the plaintiff

was caused to fall due to a dangerous or defective condition on the curb (*see Gabriel v City of New York*, 89 AD3d 982, 983 [2011]; *Santoro v Town of Smithtown*, 40 AD3d 736, 737 [2007]; *Urena v City of New York*, 221 AD2d 429 [1995]). Furthermore, the plaintiff never sought leave to amend her notice of claim pursuant to General Municipal Law § 50-e (6) (*see Semprini v Village of Southampton*, 48 AD3d 543, 545 [2008]).

Accordingly, since the plaintiff's opposition papers failed to raise a triable issue of fact, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.