Gilbert v City of Rye (2019 NY Slip Op 06068)





Gilbert v City of Rye


2019 NY Slip Op 06068


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-08163
 (Index No. 68391/13)

[*1]Katherine Gilbert, et al., appellants, 
v
City of Rye, respondent, et al., defendants.


Greenspoon Marder, P.A. P.C., New York, NY (Michelle Fox, Keelin Kavanagh, and Wendy Michael of counsel), for appellants.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, NY (Janine A. Mastellone and John B. Martin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated June 24, 2016. The order granted the motion of the defendant City of Rye for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On February 14, 2013, the plaintiff Katherine Gilbert (hereinafter the injured plaintiff) allegedly slipped and fell on a patch of ice located on a public sidewalk that was adjacent to property owned by the defendant Presbyterian Church of the Town of Rye (hereinafter the Church). The injured plaintiff, and her husband suing derivatively, commenced this action against, among others, the City of Rye to recover damages for personal injuries.
In their amended complaint, the plaintiffs alleged that a snowstorm had occurred in the days leading up to the accident which led to an accumulation of snow. The plaintiffs alleged that the City plowed snow and ice from the road in front of the sidewalk, and that it negligently pushed the snow and ice from the road into a large pile along the sidewalk, which made it "highly likely that the snow would melt and then re-freeze as Black Ice on the sidewalk." The plaintiffs alleged that the City's negligence in plowing the road created a dangerous condition on the sidewalk which caused the injured plaintiff to slip and fall.
The City moved for summary judgment dismissing the amended complaint insofar as asserted against it. The City argued that it had no duty to maintain the sidewalk, and that it did not create or exacerbate the allegedly dangerous condition which caused the accident. In the order appealed from, the Supreme Court granted the City's motion for summary judgment dismissing the amended complaint insofar as asserted against it. The plaintiffs appeal.
"At common law it was a general rule that only the municipality might be held liable for the negligent failure to remove snow, ice and obstructions from a public sidewalk or to have defects and dangerous conditions in the sidewalk repaired, since the municipality is in control of the [*2]sidewalk and not the abutting owner" (Rooney v City of Long Beach, 42 AD2d 34, 37-38; see Smalley v Bemben, 12 NY3d 751, 752). "There are, however, circumstances under which this general rule is inapplicable and the abutting landowner will be held liable" (Hausser v Giunta, 88 NY2d 449, 453). As relevant here, "[l]iability to abutting landowners will generally be imposed . . . where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty" (id. at 453; see Willis v Parker, 225 NY 159).
However, even if a local ordinance or statute charges a landowner with the duty to maintain a public sidewalk that abuts his or her property, a municipality may still be held liable where it created or exacerbated a dangerous condition on the sidewalk through an affirmative act of negligence (see Hunter-Lawson v City of New York, 137 AD3d 864, 864; Chester v Alsol Enters., Ltd., 95 AD3d 922, 922; Harrington v City of New York, 6 AD3d 662, 662). "While the mere failure to remove all snow or ice from a sidewalk is an act of omission, rather than an affirmative act of negligence, a municipality's act in piling snow as part of its snow removal efforts, which snow pile then melts and refreezes to create a dangerous icy condition, constitutes an affirmative act" (Larenas v Incorporated Vil. of Garden City, 143 AD3d 777, 778 [citations omitted]; see San Marco v Village/Town of Mount Kisco, 16 NY3d 111, 117-118; Smith v County of Orange, 51 AD3d 1006, 1006; see also Zahn v City of New York, 299 NY 581).
Here, the City demonstrated, prima facie, that it had no duty to maintain the sidewalk that abutted the Church's property. The Code of the City of Rye requires landowners to remove snow and ice from sidewalks that abut their property (see Code of the City of Rye § 167-47), and imposes tort liability upon them for injuries caused by a breach of that duty (see Code of the City of Rye § 167-50[B]). The City further demonstrated, prima facie, that it did not create or exacerbate the allegedly dangerous condition on the sidewalk (see Hunter-Lawson v City of New York, 137 AD3d at 864; Chester v Alsol Enters., Ltd., 95 AD3d at 922; Harrington v City of New York, 6 AD3d at 662; see also Davis v City of New York, 270 App Div 1047, 1047-1048).
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the affidavit of their expert, which was speculative and conclusory, was insufficient to raise a triable issue of fact as to whether the City created or exacerbated the allegedly dangerous condition on the sidewalk (see Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130; see also Lichtman v Village of Kiryas Joel, 90 AD3d 1001, 1002; see generally Wolf v Cruickshank, 144 AD3d 1144, 1145). The deposition testimony submitted by the plaintiffs was insufficient to raise a triable issue of fact as to whether the City created or exacerbated the allegedly dangerous condition by plowing snow from the road onto the area of the sidewalk where the accident allegedly occurred (see generally Bi Fang Zhou v 131 Chrystie St. Realty Corp., 125 AD3d 429, 430; Phillips v KAPL, Inc., 20 AD3d 741, 742; Nadel v Cucinella, 299 AD2d 250, 251-252).
Accordingly, we agree with the Supreme Court's determination to grant the City's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court