Hadidi v City of New York (2020 NY Slip Op 01909)





Hadidi v City of New York


2020 NY Slip Op 01909


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-11170
 (Index No. 23595/09)

[*1]Donna Hadidi, etc., at al., appellants, 
v
City of New York, et al., respondents, et al., defendants.


Held, Held & Held (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, Sanford Hausler, and Christopher J. Soverow], of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Diana Lawless of counsel; Kathleen Telfer on the brief), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated June 29, 2018. The order granted the motion of the defendants City of New York and City of New York Department of Parks & Recreation for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The infant plaintiff allegedly sustained personal injuries when she fell from a playground apparatus in a public park in Kings County. The infant plaintiff, and her mother suing derivatively, commenced this action against, among others, the defendants City of New York and City of New York Department of Parks & Recreation (hereinafter together the defendants). The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs appeal.
"A landowner has a duty to exercise reasonable care to maintain its premises in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk'" (Salomon v Prainito, 52 AD3d 803, 804-805, quoting Basso v Miller, 40 NY2d 233, 241; see Y.H. v Town of Ossining, 99 AD3d 760, 762). Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that they regularly inspected and properly maintained the subject playground apparatus and the surface below it in a reasonably safe condition, and that they had no actual or constructive notice of the existence of any defective or dangerous condition on the premises (see I.S. v City of New York, 175 AD3d 1450; Yuan Gao v City of New York, 145 AD3d 939, 940; Miller v Kings Park Cent. School Dist., 54 AD3d 314, 315; Padden v County of Suffolk, 52 AD3d 663, 664). In opposition, the plaintiffs failed to raise a triable issue of fact. In this regard, the plaintiffs' claim of alleged design defects in the playground equipment was improperly advanced for the first time in opposition to the motion for summary judgment (see K.B. v City of New York, 166 AD3d 744, 745-746; Hunter-Lawson v City of New York, 137 AD3d 864, [*2]864-865; Semprini v Village of Southampton, 48 AD3d 543, 544). In any event, the expert opinion evidence submitted by the plaintiffs did not warrant the denial of the motion under the circumstances presented.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court