■ J. LEONARD SPODEK et al., Respondents-Appellants, et al., Plaintiff, v CHARLES NEISS et al., Appellants-Respondents. [756 NYS2d 903] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered January 8, 2002, as denied those branches of their motion which were for summary judgment dismissing the 14th cause of action and to limit damages with respect to the 6th through 9th causes of action, and denied their separate motion, in effect, for leave to reargue a Referee's decision dated May 31, 2001, limiting discovery, and the plaintiffs J. Leonard Spodek, also known as Leonard Spodek, and Rosalind Spodek, cross-appeal from so much of the same order as granted those branches of the defendants' motion which were for summary judgment dismissing the 15th, 18th, 19th, and 20th causes of action.

Ordered that the appeal from so much of the order as denied the motion, in effect, for leave to reargue the Referee's decision is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument of a decision; and it is further,

Ordered that the order is modified by (1) deleting the provi-

sion thereof denying that branch of the motion which was for summary judgment dismissing the 14th cause of action and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing the 18th and 19th causes of action and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiffs correctly concede that their 14th cause of action was factually inaccurate and therefore they failed to raise a triable issue of fact (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Accordingly, the Supreme Court should have granted summary judgment to the defendants dismissing that cause of action. Moreover, although the plaintiffs now request that they be permitted to replead the cause of action to encompass a different agreement between the parties, such a request is not properly before this Court, and should be addressed to the trial court.

After the defendants made out a prima facie case for summary judgment, the plaintiffs raised a triable issue of fact as to the 18th and 19th causes of action. Those causes of action are based upon the existence of a fiduciary relationship between the parties, which existed because they were shareholders in a close corporation (*see Sager Spuck Statewide Supply Co. v Meyer,* 273 AD2d 745 [2000]).

The parties' remaining contentions are without merit. Ritter, J.P., Smith, Krausman and Rivera, JJ., concur.