CIT Bank, N.A. v Weaver (2023 NY Slip Op 06235)

CIT Bank, N.A. v Weaver

2023 NY Slip Op 06235

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2020-02794
 (Index No. 83/14)

[*1]CIT Bank, N.A., respondent, 
v
Everette Weaver, appellant, et al., defendants.

Everette Weaver, Hopewell Junction, NY, appellant pro se.
Schwartz Sladkus Reich Greenberg & Atlas LLP, New York, NY (R. Aaron Chastain of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Everette Weaver appeals from stated portions of an order of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated January 13, 2020. The order, inter alia, denied that branch of that defendant's motion which was, in effect, for leave to reargue a decision of the same court (Maria G. Rosa, J.) dated April 8, 2016, which found, after a nonjury trial, among other things, that the plaintiff had established standing to foreclose.
ORDERED that the appeal from so much of the order dated January 13, 2020, as denied that branch of the defendant's motion which was, in effect, for leave to reargue is dismissed; and it is further,
ORDERED that the order dated January 13, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On October 1, 2007, the defendant Everette Weaver executed a note in the amount of $200,000 in favor of nonparty Indymac Bank, F.S.B., a Federally Chartered Savings Bank (hereinafter Indymac). The note was secured by a mortgage on certain real property located in Dutchess County.
By summons and complaint both dated October 24, 2013, OneWest Bank, FSB (hereinafter OneWest), the plaintiff's predecessor entity, commenced the instant action to foreclose the mortgage against the defendant, among others. In a decision after a nonjury trial dated April 8, 2016, the Supreme Court found, inter alia, that the plaintiff had standing to foreclose. A judgment of foreclosure and sale was entered on January 20, 2017. The defendant's appeal from the judgment of foreclosure and sale was dismissed by this Court in an order dated August 24, 2018, along with three other appeals by the defendant from orders in this action.
By notice of motion dated March 7, 2019, the defendant moved, inter alia, pursuant to CPLR 2221 for various relief, contending, inter alia, that the plaintiff lacked standing to foreclose.
In an order dated January 13, 2020, the Supreme Court denied the defendant's motion in its entirety. The court determined, inter alia, that "[m]uch of defendant's motion is for, in effect, reargument of the court's [decision] granting plaintiff judgment after a nonjury trial. However, this action has long since been adjudicated and the subject property sold almost two years ago."
Since no appeal lies from an order denying leave to reargue a decision, the appeal from so much of the order dated January 13, 2020, as denied that branch of the motion which was, in effect, for leave to reargue must be dismissed (see Spodek v Neiss , 304 AD2d 557).
The defendant's remaining contentions are either without merit or not properly before this Court.
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court