■ In the Matter of YOLANDA STRONG, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [880 NYS2d 39]—

Order and judgment (one paper), Supreme Court, New York County (Leland G. DeGrasse, J.), entered August 19, 2008, which granted petitioner's application to annul the determination of respondent Department of Education terminating petitioner's probationary employment as a per diem substitute teacher, unanimously reversed, on the law, without costs, the application denied and the petition dismissed. Appeal from order, same court (Walter B. Tolub, J.), entered August 19, 2008, which, insofar as appealed from, denied respondent's motion to reargue, unanimously dismissed, without costs.

The proceeding is time-barred as it was commenced more than four months after respondent informed petitioner of its de-

termination that she had violated its regulations by using force as a disciplinary technique, and that her name would "remain on the Ineligible Inquiry list, terminating [her] services with [respondent]" (CPLR 217 [1]). Petitioner's time to commence the proceeding was not extended by her administrative appeal of this determination (*Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 766-767 [1988]). In any event, respondent's finding that petitioner engaged in corporeal punishment is not arbitrary and capricious (*see Matter of Von Gizycki v Levy*, 3 AD3d 572, 574 [2004]), and the finding of the Unemployment Insurance Appeal Board that petitioner did not engage in corporeal punishment lacks preclusive effect (Labor Law § 623 [2]; *Wooten v New York City Dept. of Gen. Servs.*, 207 AD2d 754, 754 [1994], *lv denied* 84 NY2d 813 [1995]). Concur—Friedman, J.P., Sweeny, Nardelli, Acosta and Richter, JJ.