*916 Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered February 26, 2009, granting the petition to vacate and annul the determination of respondent Commissioner of the Department of Sanitation, dated March 7, 2008, which denied petitioner’s request for reinstatement as a sanitation worker, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Given petitioner’s alleged failure to contact respondent regarding his absence from work without authorization due to his arrest, his prior disciplinary record and his poor performance review, respondent’s denial of petitioner’s request for reinstatement after the criminal charges against him were dismissed was rational, lawful and a provident exercise of discretion. The record does not conclusively establish that it was the policy of the Department of Sanitation to automatically reinstate former employees who were acquitted of all criminal charges against them. Indeed, pursuant to the Department of Citywide Administrative Services Personnel Rules and Regulations of the City of New York, an agency under the jurisdiction of the commissioner of citywide administrative services (which the department undisputedly is) has discretion in determining whether to reinstate a person who was dismissed from a permanent competitive position in the agency (see Personnel Rules and Regs of City of NY [55 RCNY Appendix A] If 6.2.6). Nothing in Civil Service Law § 75 or Administrative Code of the City of New York § 16-106 says otherwise.
The court improperly relied on an Unemployment Insurance Appeal Board (UIAB) finding, since the finding was not part of the administrative record but was simply attached to petitioner’s reply memorandum of law in this article 78 proceeding. Moreover, a UIAB finding lacks preclusive effect in a subsequent action or proceeding (see Labor Law § 623 [2]; Matter of Strong v New York City Dept, of Educ., 62 AD3d 592 [2009], lv denied 14 NY3d 704 [2010]). Concur—Gonzalez, P.J., Andrias, Acosta, Renwick and Abdus-Salaam, JJ. [Prior Case History: 23 Misc 3d 618.]