| |
|:---:|
| **Anderson v City of New York** |
| 2025 NY Slip Op 32252(U) |
| June 25, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155791/2023 |
| Judge: Ariel D. Chesler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

|  |  |  |  |
|---|---|---|---|
| **PRESENT:** | **HON. ARIEL D. CHESLER** | **PART** | **62M** |
|  | *Justice* |  |  |

-------------------------------------------------------------------------------X

LEON ANDERSON,

                         Plaintiff,

                - v -

THE CITY OF NEW YORK, DEPARTMENT OF
SANITATION

                         Defendant.

-------------------------------------------------------------------------------X

| **INDEX NO.** | 155791/2023 |
|---|---|
| **MOTION DATE** | 10/20/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to/for                       DISMISSAL               .

Upon the foregoing documents, it is

       Plaintiff Leon Anderson worked as a probationary employee of defendant the City of New York, Department of Sanitation (DSNY) from September 13, 2021 to August 5, 2022. In this action, plaintiff alleges that he was wrongfully terminated after he violated DSNY's prescription drug policies. Specifically, plaintiff alleges that, on July 19, 2022, when he was scheduled for a drug screening, he voluntarily disclosed that he was on Lorazepam, and was then terminated following the drug screening. Plaintiff claims that he was subjected to a hostile work environment, harassment, retaliation, and wrongful termination in violation of the New York City Human Rights Law (NYCHRL) and the New York State Human Rights Law (NYSHRL) because he complained after being suspended, and that he was "singled out" because of his "health." Plaintiff also asserts a claim of negligent infliction of emotional distress.

**155791/2023   ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL**       **Page 1 of 14**
  **Motion No.  001**

1 of 14

[* 1]

DSNY now moves, pursuant to CPLR 3211 (a) (1), (5) (7), for dismissal of the complaint for failure to state a cause of action.

Plaintiff cross-moves, pursuant to CPLR 3025 (b), for leave to amend his complaint to include additional facts regarding his employment.

For the reasons set forth below, defendant's motion to dismiss the complaint is granted, and plaintiff's cross-motion to amend the complaint is denied.

## FACTS

Plaintiff was employed with the DSNY from September 13, 2021 to August 5, 2022 as a probationary sanitation worker (*see* complaint [NYSCEF Doc. No. 1], ¶ 11). On September 13, 2021, plaintiff attended an orientation training session for newly hired sanitation workers conducted by Anthony Ferrino, a uniformed DSNY Healthcare Facilities Supervisor (Ferrino aff [NYSCEF Doc No. 8], ¶¶ 4-5; *see also* September 13, 2021 Training Sign-in Sheet [NYSCEF Doc No. 11]). Ferrino alleges that he informed plaintiff and the other new hires that DSNY sanitation workers, per DSNY policy, are required to inform DSNY if they have taken any prescription medications, or if there was any change in their prescription medications that they are taking at the start of each shift (*see* Ferrino aff, ¶¶ 6-10).

Although plaintiff alleges that, on or about September 19, 2021, he could not attend trainings because he had Covid, and that he did not receive materials regarding DSNY's prescription drug policy (complaint, ¶ 12), DSNY's sign in sheet for the September 13, 2021 orientation training containing plaintiff's signature demonstrates that plaintiff attended the September 13, 2021 training during which sanitation workers were informed of their obligation to inform DSNY if they have taken any prescription medications, or if there was any change in their prescription medications that they are taking at the start of each shift.

155791/2023   ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 2 of 14

[* 2]

Ferrino further alleges that the new hires who attended the September 13, 2021 training session, including plaintiff, were provided copies of the DSNY's Code of Conduct and Policy (NYSCEF Doc No. 14), and Administrative Procedure (PAP) No. 2012-02 (NYSCEF Doc No. 13), which both outlined DSNY's policies regarding prescription medications (*see* Ferrino aff. ¶¶ 6-10).

On July 19, 2022, plaintiff signed in and started his scheduled shift at 6:00 am (*see* July 19, 2022 DSNY Attendance Record Sign-in Sheet [NYSCEF Doc No. 15). After he had reported and began his shift, he was notified that he was chosen for a drug screening to take place on July 19, 2022 pursuant to DSNY PAP section 9, which outlines when a sanitation worker can be tested (*see* PAP, at 14-15). After being notified that he was chosen for a drug screening, and after he had already started his shift, plaintiff disclosed to Christopher Amelio, a supervisor whose responsibility is to oversee and coordinate drug screenings for DSNY sanitation workers, that he had taken Lorazepam before his shift because he was worried that it would show up on the drug test (Amelio aff [NYSCEF Doc No. 9], ¶ 6; *see also* complaint, ¶ 13; plaintiff's 50-h hearing transcript [NYSCEF Doc No. 12], at 19 ["I informed them before the start of my work shift that I took it the night before"]; *id*. at 22). Plaintiff testified that he has had a prescription for Lorazepam since May 18, 2022 (*see* 50-h Transcript at 18).

On July 20, 2022, plaintiff had a medical evaluation with DSNY (complaint, ¶ 14), and on that same day, he was suspended from his probationary position (*see id*., ¶ 15; *see also* 50-h transcript at 18).

On August 5, 2022, plaintiff was terminated during probation for violating DSNY's prescription drug policy by failing to disclose his intake of Lorazepam before every shift (*see* complaint, ¶ 16; *see also* 50-h transcript, at 21).

155791/2023   ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL                Page 3 of 14
  Motion No. 001

3 of 14

[* 3]

Plaintiff filed a Notice of Claim dated October 11, 2021 (NYSCEF Doc No. 16).

On January 27, 2023, plaintiff testified at a hearing held pursuant to NY General Municipal Law § 50-h (*see* hearing transcript).

On June 28, 2023, plaintiff commenced this action.

### DISCUSSION

In his first cause of action, plaintiff asserts claims for harassment, hostile work environment, and wrongful termination under the NYCHRL (*see* complaint, ¶¶ 18-20). Specifically, plaintiff alleges that defendants discriminated against him "by subjecting him to a discriminatory, hostile and intimidating work environment that resulted in an adverse employment action, in violation of the [NYCHRL]" (*id*., ¶ 18).

However, plaintiff's first cause of action under the NYCHRL fails because plaintiff does not allege that he was a member of a group protected under the NYCHRL, and that he was treated differently than similarly situated co-workers when DSNY terminated his probationary employment for failure to comply with its prescription drug notification policy.

Under the NYCHRL, it is an unlawful discriminatory practice for an "employer" to discriminate against "any person ... in compensation or in terms, conditions or privileges of employment" because of "the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service, height, weight, or immigration or citizenship status of any person" (Administrative Code, § 8-107 [1] [a]). To support a prima facie case of employment discrimination under the NYCHRL, a plaintiff has the initial burden of demonstrating, inter alia, that she or he is a member of a protected class as outlined in the Administrative Code (*see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-*

**155791/2023  ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL**
  Motion No.  001

Page 4 of 14

4 of 14

*CIO*, 6 NY3d 265, 270 [2006]; *accord Ayers v Bloomberg, L.P.*, 203 AD3d 872, 874 [2d Dept 2022]).

Moreover, in order to set forth a discrimination cause of action under a hostile work environment theory pursuant to the NYCHRL, a plaintiff must prove "'that he or she was treated less well than other employees because of the relevant characteristic'" (*Benitez v Jamaica Hosp. Med. Ctr.*, 230 AD3d 1284, 1285 [2d Dept 2024] [citation omitted]; *see also Russell v New York Univ.*, 204 AD3d 577, 593 [1st Dept 2022]). "In other words, all that is required to sustain a NYCHRL "hostile work environment claim" is 'unequal treatment' based upon membership in a protected class" (*Fattoruso v Hilton Grand Vacations Co., LLC*, 873 F Supp 2d 569, 578 [SD NY 2012]), *affd* 525 F Appx 26 [2d Cir 2013]; *see e.g. Lewkowicz v Terence Cardinal Cook Health Ctr.*, 212 AD3d 443, 443 [1st Dept 2023] [plaintiff did not "set forth any factual allegations showing that he was terminated under circumstances that gave rise to an inference of discrimination"]).

First, plaintiff fails to allege in the complaint that he was subject to "unequal treatment based upon membership in a protected class." Although plaintiff argues that he suffers from anxiety and insomnia, and that he was treated less well than similarly situated employees who did not suffer from anxiety/insomnia (*see* plaintiff's opposition memorandum [NYSCEF Doc No. 29], at 6-10), he never pleaded these facts in the complaint. Thus, he did not sufficiently state a claim without specific allegations about what protected class he is in.

Although not pleaded, even accepting that plaintiff is a member of a protected class as a person with an anxiety disability, he fails to allege discriminatory animus. Defendants assert that plaintiff violated DSNY's prescription drug policy requiring DSNY workers to disclose any prescription drug use. Section 5 of the DSNY's PAP regarding prescription drug use, which

155791/2023   ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 5 of 14

5 of 14

specifically makes reference to medications that can cause drowsiness like Lorazepam, states the following:

> "Whenever an employee is prescribed medication, he/she must telephone the DSNY Medical Clinic or inform their supervisor before the start of his or her next work shift that they are taking prescribed medication ... Employees who fail to report or who falsely report their use of prescription medication will be subject to disciplinary procedures"

(PAP, at 8).

Similarly, Section 2.2 of DSNY's COD states that "[e]mployees must notify the Department's Medical Division and their location Supervisor before the start of their next shift and report the use of any prescription drug, or physical condition that may impair their ability to perform their duties safely" (COD, at 1). Section 2.6 of the COD states that it is employee's responsibility to obtain, become familiar, and comply with PAP's drug policies (*id.*). Section 7.6 of the PAP regarding DSNY's disciplinary procedures states that probationary employees "who violate any other provision of this policy and procedure, may be immediately terminated" (PAP, at 12).

The above language, which expressly outlines the consequences for any violation, demonstrates that these policies equally apply to all DSNY employees. It is thus clear that DSNY neutrally applied their policies to plaintiff. As a result, plaintiff cannot plead any discriminatory animus (*see Massaro v Department of Educ. of the City of New York*, 121 AD3d 569, 570 [1st Dept 2014] ["Plaintiff failed to adequately plead discriminatory animus, which is fatal to both her age discrimination and hostile work environment claims under the State and City Human Rights Laws"]; *Askin v Department of Educ. of the City of New York*, 110 AD3d 621, 622 [1st Dept 2013] ["plaintiff has not, however, adequately pled ... that she was either terminated or treated differently under circumstances giving rise to an inference of discrimination"]).

155791/2023   ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 6 of 14

6 of 14

[* 6]

Accordingly, plaintiff's first cause of action under the NYCHRL must be dismissed.

In his second cause of action, plaintiff brings a claim for retaliation under the NYCHRL, and alleges that he "was engaged in a protected activity - namely complying with drug screening by fulfilling Defendant's request to acquire alternative medication," but that, "[i]nstead of taking corrective action the Defendants retaliated against the Plaintiff and terminated his position" (*id.*, ¶ 23).

Under the NYCHRL, it is unlawful to retaliate against an employee for opposing discriminatory practices (Administrative Code, § 8-107 [7] *see Nezaj v PS450 Bar & Rest.*, 719 F Supp 3d 318, 330 [SD NY 2024]).  To establish a claim for retaliation under the NYCHRL, a complainant must show that (1) she or he engaged in a protected activity, as that term is defined under the NYCHRL, (2) the employer was aware that she or he participated in such activity, (3) the employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct (*see Bilitch v New York City Health & Hosps. Corp.*, 194 AD3d 999, 1004 [2d Dept 2021]; *Sanderson–Burgess v City of New York*, 173 AD3d 1233, 1235–1236 [2d Dept 2019]; *accord Parham v City of New York*, 84 Misc 3d 1204[A], 2024 NY Slip Op 51360[U], * 7 [Sup Ct, NY County 2024]).

The anti-retaliation provision of the NYCHRL provides that:

"It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, (v) requested a reasonable accommodation under this chapter, or (vi) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter"

155791/2023   ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL                Page 7 of 14
  Motion No.  001

7 of 14

[* 7]

(NYC Administrative Code § 8-107 [7]).

Complying with a drug screening is not "protected activity" under the NYCHRL as defined above. Moreover, plaintiff has not pleaded any causal connection, except in the most conclusory fashion, between his putative "protected activity" and the decision to discontinue his probationary employment (*see Brown v City of New York*, 185 AD3d 410, 410-411 [1st Dept 2020] [dismissing plaintiff's retaliation claim for failure to allege a causal connection between her complaints and any adverse employment actions based on temporal proximity, and for plaintiff's failure to allege any other facts supporting causation]).

Moreover, the court rejects plaintiff's arguments in opposition that he has established retaliation because he "revealed his medical condition to the Defendant and, upon learning of Plaintiff's medical condition, the Defendant suspended the Plaintiff" (plaintiff's opposition memorandum, at 11-12). However, as noted above, plaintiff concedes that he disclosed his medical condition to DSNY during the training that he received shortly after his appointment (*see id.*, at 2). Moreover, plaintiff does not allege that he ever complained about discrimination, only that he notified DSNY about his medical condition.

Accordingly, plaintiff has not stated a cause of action for retaliation under the NYCHRL.

Plaintiff also fails to state a cause of action under the NYSHRL. In his third cause of action, plaintiff alleges that defendants "intentionally and/or negligently discriminated against the Plaintiff in violation of the NYSHRL because due to the complaints he raised regarding issues regarding his suspension," and that defendants "discriminated against the Plaintiff and singled out the Plaintiff because of his health" (complaint, ¶¶ 27-28).

To establish a discrimination cause of action under the NYSHRL under a hostile work environment theory, a plaintiff must demonstrate that the plaintiff was subject to "inferior terms,

155791/2023   ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL
Page 8 of 14
Motion No.  001

8 of 14

conditions or privileges of employment because of the individual's membership" in a protected category (*Elco v Aguiar*, 226 AD3d 649, 651 [2d Dept 2024]; *see also Golston-Green v City of New York*, 184 AD3d 24, 41 [2d Dept 2020]).

To the extent that he is also alleging retaliation under the NYSHRL, to establish a claim for retaliation under that statute, a plaintiff "must show that (1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312–13 [2004]; *accord Harrington v City of New York*, 157 AD3d 582, 585 [1st Dept 2018]; *see also Littlejohn v City of New York*, 795 F 3d 297, 316 [2d Cir 2015] [for a NYSHRL retaliation claim to survive a motion to dismiss, a plaintiff must "plausibly allege() a causal connection between the protected activities and the adverse employment action"]). An employee engages in a "protected activity" by "opposing or complaining about unlawful discrimination" *(Forrest*, 3 NY3d at 313; *see also Davis-Bell v Columbia Univ*, 851 F Supp 2d 650, 682 [SDNY 2012]).

As with the defects in his pleading regarding the NYCHRL claims, plaintiff does not allege that he was a member of a group protected under the NYSHRL, and therefore covered by the NYSHRL (*see* Executive Law § 296 [1] [a] [providing that (i)t shall be an unlawful discriminatory practice ... (f)or an employer ... because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence ... to discriminate against such individual in compensation or in terms, conditions or privileges of employment"]). Rather, plaintiff merely alleges that he was

[* 9]

discriminated against because of his "health." This is insufficient to state a cause of action under the NYSHRL.

Plaintiff also fails to allege that he was subjected "to inferior terms, conditions or privileges of employment because of the individual's membership in one or more of these protected categories," or that he ever complained about discrimination. Accordingly, his third cause of action under the NYSHRL must be dismissed (*see McIntosh v City of New York*, 79 Misc 3d 1231[A], 2023 NY Slip Op 50761[U], * 4-5 [Sup Ct, Kings County 2023] [dismissing causes of action for hostile work environment and retaliation under the NYSHRL because "none of the alleged conduct on Defendants' part subjected either Plaintiff to ... the inferior terms, conditions or privileges of employment because of her [protected characteristic] under the NYSHRL," and she "did not oppose or complain about unlawful discrimination"]).

In essence, plaintiff's claim is that he was wrongfully terminated, and that "[u]pon information and belief, defendant's claim that plaintiff had violated its policy was a pretext to discriminate against the Plaintiff for his medical condition and to terminate his employment without penalty" (*see* plaintiff's opposition memorandum, at 4). Aside from plaintiff's argument that he was not aware of/never violated any DSNY policy, plaintiff alleges no other facts that demonstrate he was fired because of his disability, or that he was a member of any protected class. He does not allege any facts to demonstrate that there were similarity situated individuals who were treated differently. He also fails to allege any facts regarding any other disparate treatment or discriminatory comments made by DSNY. Thus, the sum of plaintiff's allegations is that he had anxiety, which resulted in sleep issues, and that he was fired after a drug test. These allegations are insufficient to set forth discrimination claims under either statute.

**155791/2023   ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 10 of 14**

[* 10]

Accordingly, his discrimination causes of action set forth in the first, second and third causes of action must be dismissed.

In his fourth cause of action, plaintiff asserts a claim for negligent infliction of emotional distress, alleging that defendants "engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or with reckless disregard of the probability of causing, emotional distress to Plaintiff." Plaintiff further alleges that "[a]s a proximate result of the Defendants' action, Plaintiff suffered severe or extreme emotional distress" (complaint, ¶¶ 31-32).

However, this claim must be dismissed for failure to comply with notice of claim requirements. Claims against the City of New York are subject to the notice of claim requirements set forth in General Municipal Law § 50-e, which provides that:

> "The notice shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained"

(NY Mun Law, § 50-e).

Notice of claim requirements are construed strictly by New York state courts (*see Murray v LeRoy Cent. School Dist.*, 67 NY2d 775, 776 [1986]), and failure to comply with the requirements requires a dismissal for failure to state a cause of action (*see Davidson v Bronx Mun. Hosp.*, 64 NY2d 59, 62 [1984]; *see e.g. Tully v City of Glen Cove*, 102 AD3d 670, 671 [2d Dept 2013] [affirming dismissal of action where theories of liability alleged in the complaint were not included in plaintiff's notice of claim]). Moreover, any theory of liability omitted from the notice of claim may not be included in a subsequent amended complaint (*Herron v City of New York*, 223 AD2d 676, 676 [2d Dept 1996] [refusing to grant plaintiffs' leave to amend their notice of claim

155791/2023   ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL
Page 11 of 14
Motion No.  001

11 of 14

[* 11]

and complaint to add a new theory of recovery that they had not asserted in either their original notice of claim or in their subsequently filed complaint after the statute of limitations had expired]).

Likewise, here, plaintiff's negligent infliction of emotional distress claim must be dismissed as this theory of liability is wholly absent from the notice of claim (*see* Notice of Claim), and therefore may not be included in a subsequent amended complaint

Indeed, in opposition to the motion, plaintiff formally withdraws his negligent infliction of emotional distress claim (*see* plaintiff's opposition memorandum, at 2).

Plaintiff also alleges that, on December 2, 2022, the "Workers Board" (the New York State Department of Labor Unemployment Insurance Appeal Board [UIAB]) found that plaintiff did not violate any of defendants' policies since he was not provided with proper documents or materials prior to the commencement of his employment (*see* complaint, ¶ 17), and argues that this determination collaterally estops defendants from raising their defenses.

The court rejects this argument. First, the issue of whether or not plaintiff was provided with proper documents regarding DSNY's drug policies is irrelevant to whether or not DSNY fired him for discriminatory reasons. Moreover, New York law is clear that the testimony given at an unemployment insurance hearing, and the findings of fact and conclusions of law contained in an unemployment insurance hearing decision, are not admissible in a subsequent court proceeding. Labor Law § 623 (2) clearly states that "[n]o finding of fact or law contained in a decision rendered pursuant to this article by a referee, the appeal board or a court shall preclude the litigation of any issue of fact or law in any subsequent action or proceeding" (*see also* Labor Law § 537 [1]; *Matter of Strong v New York City Dept. of Educ.*, 62 AD3d 592, 593 [1st Dept 2009] ["the finding of the Unemployment Insurance Appeal Board that petitioner did not engage in corporeal punishment lacks preclusive effect"]; *Matter of Wilson v Bratton*, 266 AD2d 140, 141 [1st Dept 1999] ["the

155791/2023   ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 12 of 14

court improperly considered testimony from petitioner's unemployment insurance hearing, which is not admissible in court proceedings"]; *Matter of Watson v Bratton*, 243 AD2d 295, 295 [1st Dept 1997] ["The New York State Department of Labor's determination to grant petitioner's claim for unemployment benefits is not dispositive of the issue raised herein"]).

Accordingly, the UIAB determination has no preclusive or collateral estoppel effect in this action. In any event, the only issue necessarily decided at the UIAB hearing in this case was whether plaintiff lost employment by misconduct within the meaning of the Unemployment Insurance Law. The UIAB proceeding did not decide the issue of whether plaintiff's termination was the result of unlawful disability discrimination or retaliation. Thus, even if the UIAB decision could have preclusive effect, the issue in this action was not reached by that tribunal.

Finally, plaintiff's cross-motion for leave to amend the complaint is denied. A motion for leave to amend in response to a motion to dismiss the complaint is "futile" and should be denied where "the defects [in the complaint] are [not] cured by the proposed ... amended complaint" (*Meimeteas v Carter Ledyard & Milburn LLP*, 105 AD3d 643, 643 [1st Dept 2013]). The motion is similarly futile if the proposed amendment "suffers from the same fatal deficiency as the original claims" (*Stang LLC v Hudson Sq. Hotel, LLC*, No. 653600/2015, 2016 NY Misc LEXIS 4580, * 43-44 [Sup Ct, NY County 2016]).

Plaintiff's proposed amended complaint (NYSCEF Doc No. 30) fails to cure the deficiencies found in his original complaint. The amended complaint contains the same conclusory and threadbare allegations, and does not address any of the deficiencies that defendants based their motion to dismiss on. Indeed, it appears that the only significant facts that plaintiff has added are those regarding the UIAB decision (*see* amended complaint, ¶¶ 11-21). Otherwise, plaintiff adds some sparse facts regarding his lack of knowledge of DSNY's prescription policy.

155791/2023   ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 13 of 14

13 of 14

However, the UIAB decision does not establish or have any preclusive effect in this action regarding whether plaintiff violated DSNY policies, nor does it establish any discriminatory animus on behalf of defendants.  Similarly, whether or not plaintiff was aware of DSNY's facially neutral policies is not relevant to whether he was fired for discriminatory reasons.

Accordingly, it is

ORDERED that defendant's motion to dismiss is granted, and the complaint is dismissed in its entirety against defendant, with costs and disbursements to defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of defendant; and it is further

ORDERED that plaintiff's cross-motion to amend the complaint is denied.

20250625113403ACHESLER9F521DAC1FEB41FBA1C7036C15263797

**6/25/2025**
**DATE**

**ARIEL D. CHESLER, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155791/2023   ANDERSON, LEON vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 14 of 14**

14 of 14